1   MICHELLE A. CHILDERS (SBN 197064)
    michelle.childers@dbr.com
2   MATTHEW J. ADLER (SBN 273147)
    matthew.adler@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:      (415) 591-7500
5   Facsimile:      (415) 591-7510

6   Attorneys for Defendant
    SPINAL KINETICS, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  SEBASTIAN KLEINER and SILVANA          Case No. 5:15-cv-02179-EJD
    KRAFTSCHIK, Individually and On
13  Behalf of Others Similarly Situated,   **DEFENDANT SPINAL KINETICS, INC.'S
                                           NOTICE OF MOTION AND MOTION TO
14                Plaintiffs,              DISMISS BASED ON** *FORUM NON
                                           CONVENIENS*; **MEMORANDUM OF
15            v.                           POINTS AND AUTHORITIES**

16  SPINAL KINETICS, INC., a Delaware      Date:        January 14, 2016
    corporation,                           Time:        9:00 a.m.
17                                         Ctrm:        4 (5th Floor)
                  Defendant.                            280 S. First Street, San Jose, CA
18                                         Judge:       Hon. Edward J. Davila

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*

CASE NO. 5:15-CV-02179-EJD

1

## NOTICE OF MOTION

2   TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

3        PLEASE TAKE NOTICE THAT on January 14, 2016 at 9:00 a.m., before the Honorable

4   Edward J. Davila, in Courtroom 4 of the above-referenced Court, 280 South First Street, 5th

5   Floor, San Jose, California 95113, Defendant Spinal Kinetics, Inc. ("Defendant") will and hereby

6   does move to dismiss the Complaint filed by Plaintiffs Sebastian Kleiner ("Kleiner") and Silvana

7   Kraftschik ("Kraftschik") (collectively, "Plaintiffs") on grounds of *forum non conveniens*, in

8   favor of a proceeding in Germany.

9        This motion is based upon this Notice, the accompanying Memorandum of Points and

10  Authorities, the Declaration of Tom Afzal, the Declaration of Peter Bert and exhibits thereto, as

11  well as all papers and pleadings on file or deemed to be on file herein, and such argument as may

12  be presented at the hearing.

13

14  Dated: September 21, 2015            DRINKER BIDDLE & REATH LLP

15

16                                      By: /s/ Michelle A. Childers
                                             Michelle A. Childers
17                                           Matthew J. Adler

18                                      Attorneys for Defendant
                                        SPINAL KINETICS, INC.

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*                - 2 -                CASE NO. 5:15-CV-02179-EJD

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................ 1

II. BRIEF SUMMARY OF ALLEGATIONS .............................................................. 2

III. ARGUMENT ........................................................................................................... 3

    A.    Plaintiffs' Complaint Should Be Dismissed on Grounds of *Forum Non Conveniens*. ............................................................................................. 3

        1.    Standards for Motion ................................................................. 3

        2.    Germany Is An Adequate and Available Forum......................... 4

    B.    The Balance of Private and Public Factors Favors Proceeding in a German Court........................................................................................... 6

        1.    The Relevant Private Factors Support Dismissal....................... 7

            a.    Relative Ease of Access to Sources of Proof ................ 7

            b.    Availability of the Compulsory Process and Cost of Obtaining Attendance of Willing Witnesses................. 9

            c.    Other Practical Considerations That Make Trial of a Case Easy, Expeditious and Inexpensive............................... 10

        2.    The Relevant Public Factors Support Dismissal....................... 11

            a.    Local Interest of Germany in Having These Cases Heard There ................................................................... 11

            b.    Avoiding Unnecessary Problems in Conflicts of Laws or Application of Foreign Law ......................................... 13

            c.    Expeditious Resolution of Litigation ........................... 15

            d.    Burden on U.S. Citizens with Jury Duty in a Matter of No Interest to the U.S....................................................... 15

IV. CONCLUSION........................................................................................................ 15

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3
CASES

4
*In re Aredia & Zometa Liability Litigation,*
5
   No. 3:06-MD-1760, 2008 WL 686213 (M.D. Tenn. Mar. 6, 2008) ...................................... 10

6
*Banco Indus. de Venezuela, S.A.,*
   997 F.2d 974 (2d Cir. 1993) .................................................................................................... 11

7
*Banculescu v. Compania Sud Americana De Vapores,*
8
   No. 11 Civ. 2681 (ALC), 2012 WL 5909696 (S.D.N.Y. Nov. 20, 2012) ........................... 5, 9

9
*Chang v. Baxter Healthcare Corp.*
   599 F.3d 728 (7th Cir. 2010) ................................................................................................... 7
10

11
*In re Consol Parlodel Litigation,*
   22 F. Supp. 2d 320 (D.N.J. 1998) ......................................................................................... 10

12
*Doe v. Hyland Therapuetics Div.,*
13
   807 F.Supp. 117 (S.D.N.Y. 1992) ......................................................................................... 13

14
*Dowling v. Hyland Therapeutics Div., Travenol Lab., Inc.,*
   767 F.Supp. 57 (S.D.N.Y. 1991) ........................................................................................... 13
15

16
*Dowling v. Richardson-Merrel, Inc.,*
   727 F.2d 608 (6th Cir. 1984) ......................................................................................... *passim*

17
*Facebook, Inc. v. Studivz Ltd.,*
18
   No. C 08-3468 JF (HRL), 2009 WL 1190802 (N.D. Cal. May 4, 2009) ................................ 4

19
*Flex-N-Gate Corp. v. Wegen,*
   No. 08 Civ. 2502, 2008 WL 5448994 (S.D.N.Y. Dec. 29, 2008) ........................................ 5, 9
20

21
*Fraizer v. St. Jude Med., Inc.,*
   609 F. Supp. 1129 (D. Minn. 1985) ........................................................................................ 8

22
*Gulf Oil Corp. v. Gilbert,*
23
   330 U.S. 501 (1947) .................................................................................................... 3, 9, 15

24
*Herbert v. Fisher Scientific Co., LLC,*
   CIVIL Nos. 13-00452 DKW-BMK, 13-00705 DKW-BMK, 2014 U.S. Dist. LEXIS
25
   51436, at *35 (D. Haw. Apr. 14, 2014) .................................................................................. 8

26
*Jennings v. Boeing Co.,*
   660 F. Supp. 796 (E.D. Pa. 1987) ......................................................................................... 12
27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*
   - ii -
CASE NO. 5:15-CV-02179-EJD

*Koster v. (Am.) Lumbermens Mut. Cas. Co.,*
   330 U.S. 518 (1947) ........................................................................................... 3

*Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG,*
   No. 2:13-CV-02311-RSM, 2014 WL 7338739 (W.D. Wash. Dec. 19, 2014) ..................... 4, 9

*Lee Yu-Ge v. Johnson & Johnson,*
   No. 3:10 OE 40034, 2011 WL 3566859 (N.D. Ohio Aug. 12, 2011) ...................................... 8

*Leetsch v. Freedman,*
   260 F.3d 1100 (9th Cir. 2001) ........................................................................... 4, 9, 14

*Martinez v. E.I. Dupont de Nemours & Co.,*
   86 A.3d 1102, 1104 (Del. 2014) ........................................................................... 8

*Miller v. Boston Scientific Corp.,*
   380 F. Supp. 2d 443 (D.N.J. 2005) ........................................................................... 8

*Moreno v. Omnilife USA, Inc.,*
   483 F. App'x 340 (9th Cir. 2012) ........................................................................... 4

*NCA Holding Corp. v. Norddeutsche Landesbank Girozentrale,*
   No 96 Civ. 9321, 1999 WL 39539 (S.D.N.Y. Jan. 28, 1999) ...................................... 5, 9

*Piper Aircraft Co. v. Reyno,*
   454 U.S. 235 (1981) ........................................................................... *passim*

*Polanco v. H.B. Fuller Co.,*
   941 F. Supp. 1512 (D. Minn. 1996) ........................................................................... 8

*In re Rezulin Products Liability Litigation,*
   214 F.Supp.2d 396 (S.D.N.Y. 2002) ........................................................................... 7

*In re Silicone Gel Breast Implants Products Liability Litigation,*
   887 F.Supp. 1469 (N.D. Ala. 1995) ...................................................................... 7, 12

*Stewart v. Dow Chem. Co.,*
   865 F.2d 103 (6th Cir. 1989) ........................................................................... 8

*Estate of Thomson v. Toyota Motor Corp.,*
   545 F.3d 357 (6th Cir. 2008) ...................................................................... 6, 7, 8, 9

*Vasquez v. Bridgestone/Firestone, Inc.,*
   325 F.3d 665 (5th Cir. 2003) ........................................................................... 12

*In re Vioxx Prods. Liab. Litig.,*
   448 F. Supp. 2d 741 (E.D. La. 2006) .............................................................. 7, 8, 12

*Vivendi SA v. T-Mobile USA Inc.,*
   586 F.3d 689 (9th Cir. 2009) ...................................................................... 3, 7, 11

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*                 - iii -                 CASE NO. 5:15-CV-02179-EJD

*Windt v. Qwest Commc'ns Int'l, Inc.*,
   544 F. Supp. 2d 409 (D.N.J. 2008) ........................................................................... 5

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ................................................................................. 14

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 1782 ............................................................................................................. 11

**OTHER AUTHORITIES**

Administrative Office of the United States Courts, U.S. District Courts—Federal Court
   Management Statistics (period ending March 31, 2015) at p. 66 ............................ 15

Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T.
   2555 (1972) ............................................................................................................... 9

James G. Apple & Robert P. Deyling, A PRIMER ON THE CIVIL-LAW SYSTEM, 15-16,
   33-39 (1995) ............................................................................................................ 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*        - iv -        CASE NO. 5:15-CV-02179-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is a straightforward case for dismissal of an action on grounds of *forum non conveniens*, in favor of a proceeding in Germany. The two named Plaintiffs in this (untenable) putative class action reside in Germany and were allegedly injured in Germany by a product approved for sale in Germany by German regulatory authorities. The vast majority of the evidence relevant to their claims is located in Germany.

Under the *forum non conveniens* doctrine adopted by the U.S. Supreme Court in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), this action should be dismissed because there is a suitable alternative forum for Plaintiffs to pursue their claims in Germany, and certain public and private interest factors weigh decidedly in favor of this action proceeding in Germany.

Numerous courts in this District and elsewhere have held that Germany provides an adequate and available forum for foreign plaintiffs to pursue personal injury claims. Defendant also has submitted the Declaration of Peter Bert, a German attorney (*Rechtsanwalt*), verifying that Germany recognizes personal injury claims, and based on the allegations in the complaint, Plaintiffs' claims could be heard in a German court.

Once it has been determined that an alternative forum is adequate, a court is charged with considering various private and public interest factors to determine whether the lawsuit would be more conveniently tried in another forum. All of the private and public interest factors in the *forum non conveniens* analysis weigh decidedly in favor of dismissal of these claims. Plaintiffs do not reside in the United States, and their choice of forum here is entitled to little, if any, deference. Plaintiffs did not receive their implants in the United States and were not treated, diagnosed or injured here. Nor is the product at issue sold in the United States. All of the witnesses and evidence relevant to Plaintiffs' claims and damages is located in Germany. If this case were tried in the United States, Defendant would be precluded from calling key third party witnesses to testify, including treating physicians, health care providers, family members, co-workers and other third party witnesses with critical testimony concerning causation and

1   damages.  All of these witnesses are thousands of miles beyond the subpoena power of this Court

2   as well as any court in the United States where these actions would be tried.

3        Litigating these claims in the United States rather than Germany would impose substantial

4   and oppressive burdens upon both Defendant and the U.S. court system that outweigh any

5   claimed convenience to the German Plaintiffs.  The claims of these Plaintiffs are local to

6   Germany as that country's government regulates the product at issue and its citizens have an

7   interest in the outcome of litigation regarding products sold in Germany as approved by the

8   country's regulatory authorities.  A U.S. trial court saddled with these claims would be put in the

9   untenable position of applying and instructing jurors on German civil law.  There is no reason

10  why American judges and jurors should bear the burden of serving as the world's courthouse for

11  cases brought by foreign plaintiffs that can and should be litigated in the country where Plaintiffs

12  live and were allegedly injured.

13       For these and the reasons set forth below, this Court should grant Defendant's Motion to

14  Dismiss on grounds of *forum non conveniens*.

15                                         **II.**

16                          **BRIEF SUMMARY OF ALLEGATIONS**

17       For purposes of this section, allegations are stated as pled.  Plaintiffs filed their Complaint

18  (Doc. 1) on May 14, 2015.  They allege that Defendant "designed, manufactured, distributed, and

19  sold" an "artificial intervertebral disc" named the M6-C, which, they allege, was "marketed …

20  [to] mimic[] a natural disc's design and movement capabilities" and designed to provide

21  "practical motion preservation … for treating degenerative diseases of the [cervical] spine."

22  Compl. ¶¶ 2.1, 2.3, 5.2, 5.3.  According to the Complaint, surgical implantation of the M6-C

23  would involve the following: "the body's natural disc is removed;" "grooves are filed in the

24  adjacent vertebrae"; and the M6-C—which is "comprised of an artificial nucleus, made from

25  polycarbonate urethane and woven polyethylene fiber"—is "positioned between two titanium

26  outer plates with keels for anchoring the device into the bone of the adjacent vertebral bodies."

27  *Id.* at ¶¶ 5.4, 5.5.  Plaintiffs challenge the M6-C as defective, alleging that at some point

28  following implantation, the M6-C would "collapse or otherwise disintegrate."  *Id.* at ¶¶ 2.3, 5.2.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*          - 2 -          CASE NO. 5:15-CV-02179-EJD

1    Plaintiffs Kleiner and Kraftschik are both "residents of Germany."  Each alleges to have

2  undergone surgical implantation of the M6-C and seeks damages for alleged personal injuries.  *Id.*

3  at ¶¶ 1.1, 5.9, 5.12, 5.15, 5.18.  They assert eight causes of action: (1) strict liability – design

4  defect; (2) strict liability – failure to warn; (3) strict liability – manufacturing defect; (4) general

5  negligence; (5) negligent misrepresentation; (6) breach of implied warranty; (7) fraud – common

6  law fraud; and (8) fraudulent misrepresentation – fraudulent inducement.  Plaintiffs bring these

7  claims both in their individual capacity and on behalf of a putative class of "[a]ll *non-American*

8  individuals who reside *outside the United States* who have received the M6-C artificial

9  intervertebral disc ...."  *Id.* at ¶ 2.1 (emphasis added).

10                                              **III.**

11                                      **ARGUMENT**

12  **A.**   **Plaintiffs' Complaint Should Be Dismissed on Grounds of *Forum Non Conveniens*.**

13          **1.       Standards for Motion**

14          As the Supreme Court held in the seminal case *Piper Aircraft Co. v. Reyno*, where there is

15  an alternative forum available for an action to be more conveniently tried, a court may dismiss an

16  action under the *forum non conveniens* doctrine.  *Piper Aircraft*, 454 U.S. at 241 (quoting *Koster*

17  *v. (Am.) Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524 (1947)).

18          In ruling on a motion to dismiss for *forum non conveniens*, a court must first determine

19  whether a proposed alternative forum is available and adequate.  *Gulf Oil Corp. v. Gilbert,* 330

20  U.S. 501 (1947); *Piper Aircraft*, 454 U.S. 235; *Dowling v. Richardson-Merrel, Inc.*, 727 F.2d 608

21  (6th Cir. 1984).  If it is, the court must then balance the private and public interest factors to

22  weigh the relative convenience of each forum to the parties and to the public.  *Id.*  The legal

23  standard applicable to this motion is well established by controlling decisions of the Supreme

24  Court and the Ninth Circuit.  *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 693 (9th Cir. 2009)

25  (citations omitted).  As set forth in detail below, Germany provides an adequate and available

26  forum for Plaintiffs to pursue their claims, and the public and private interest factors weigh

27  decidedly in favor of dismissal.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*              - 3 -                    CASE NO. 5:15-CV-02179-EJD

### 2.    Germany Is An Adequate and Available Forum

An alternative forum is adequate if a defendant may be subject to jurisdiction and plaintiffs have a cause of action there to redress their injury.  *See Moreno v. Omnilife USA, Inc.*, 483 F. App'x 340, 341-42 (9th Cir. 2012) (citing *Piper Aircraft*, 454 U.S. at 254 n.22).  "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 254 n.22 (citations omitted).  An alternative forum is adequate if it provides some potential avenue for redress.  *Id.*  Every foreign forum differs substantively and procedurally from U.S. courts, and those differences "should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry." *Id.* at 247.  A *forum non conveniens* dismissal is appropriate even though the forum does not provide the same range of remedies as are available in the United States.  Only if the alternative forum offers the plaintiff a remedy that is "so clearly inadequate or unsatisfactory that it is no remedy at all" should the change in law be given substantial weight.  *Id.* at 254 (finding Scotland an adequate alternative forum even though plaintiffs could not bring strict liability claims and would receive lower damages).

Under this standard, Germany is an adequate forum for this action.  Plaintiffs can pursue claims for personal injuries in Germany, a German court would have jurisdiction, and German substantive law would provide a legal basis for Plaintiffs to bring their claims there.  *See* accompanying Declaration of Peter Bert ("Bert Decl.") at ¶¶ 5–9, 11–12.  Although there are certain differences between the substantive and procedural laws applied in German courts than by U.S. Courts, the rights and remedies available in the foreign forum need not be identical to those available in a U.S. court for the foreign forum to be found adequate.  Indeed, numerous courts in this Circuit and elsewhere have found Germany to be an adequate forum for civil claims, despite differences in its substantive and procedural law.  *See, e.g.*, *Leetsch v. Freedman*, 260 F.3d 1100, 1103 (9th Cir. 2001) ("The trial court correctly determined that the German court offered an adequate alternative forum."); *Facebook, Inc. v. Studivz Ltd.*, No. C 08-3468 JF (HRL), 2009 WL 1190802, at *3 (N.D. Cal. May 4, 2009) ("Germany clearly is an adequate forum."); *Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-CV-02311-RSM, 2014 WL 7338739,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*          - 4 -          CASE NO. 5:15-CV-02179-EJD

at *7 (W.D. Wash. Dec. 19, 2014) ("German courts provide the appropriate procedural safeguards to ensure a fair and just resolution of the instant dispute."); *Banculescu v. Compania Sud Americana De Vapores*, No. 11 Civ. 2681 (ALC), 2012 WL 5909696, at *7 (S.D.N.Y. Nov. 20, 2012) (in personal injury claims "[n]umerous courts have found Germany to be an adequate alternative forum"); *Windt v. Qwest Commc'ns Int'l, Inc.*, 544 F. Supp. 2d 409, 417-18 (D.N.J. 2008) (U.S. courts consistently hold that German courts provide an adequate forum); *Flex-N-Gate Corp. v. Wegen*, No. 08 Civ. 2502, 2008 WL 5448994, at *5 (S.D.N.Y. Dec. 29, 2008) (Germany was adequate forum despite procedural differences); *NCA Holding Corp. v. Norddeutsche Landesbank Girozentrale*, No 96 Civ. 9321, 1999 WL 39539, at *2 (S.D.N.Y. Jan. 28, 1999) (Germany adequate despite discovery differences).

Plaintiffs' claims for personal injury could be pursued under The German Product Liability Act, which implements the provisions of the EU Product Liability Directive of 1985. *See* Bert Decl. at ¶¶ 13–20.  Section 823(1)1 of the German Civil Code also permits a plaintiff to pursue personal injury claims as follows: "A person who, intentionally or negligently, unlawfully injuries the life, body, health, freedom, property or another right of another person is liable to make compensation to the other party for the damage arising from this."  *Id.* at ¶ 18.  Liability under the German Product Liability Act principally rests upon "the producer" of the allegedly defective product.  *Id.* at ¶ 17.  Under the Act, however, the term "producer" broadly comprises the manufacturer and also the importer of the product and/or the "brander," i.e., a party which, by affixing its name, trademark or other distinguishable sign to a product gives the impression of being its producer.  *Id.*

Damages may be awarded to a plaintiff under German law.  *Id.* at ¶ 21–22.  The scope of damages available includes lost wages, medical expenses, and monetary payment for pain and suffering.  *Id.*  These remedies are substantial and clearly meet the standard for dismissal on *forum non conveniens* grounds.  *See Piper Aircraft*, 454 U.S. at 254 (alternative forum might be inadequate only "if the remedy provided is so clearly inadequate or unsatisfactory that it is no remedy at all.").

Moreover, if Plaintiffs bring the claims alleged in the Complaint in a German court, they

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*        - 5 -        CASE NO. 5:15-CV-02179-EJD

1    would be able to name the proper defendant, Spinal Kinetics GmbH, which is the German entity

2    that actually marketed, sold, and distributed the M6-C in Germany.  *See* accompanying

3    Declaration of Tom Afzal ("Afzal Decl.") at ¶ 6.  In ruling on a *forum non conveniens* motion, a

4    court need only ascertain whether or not there is a party in the foreign jurisdiction that is

5    amenable to service of process.  In this case, Spinal Kinetics GmbH is the German entity that

6    markets, sells and distributes the M6-C in Germany and is the proper entity to be named in this

7    action.  Plaintiffs could serve Spinal Kinetics GmbH in Germany and a German court could

8    exercise jurisdiction over it on those claims.  *Id.* at ¶ 7.

9          In a similar case before the Sixth Circuit, *Estate of Thomson v. Toyota Motor Corp.*, 545

10   F.3d 357 (6th Cir. 2008), the defendant asserted that that there were proper defendants to be sued

11   in the foreign forum.  The Court granted defendants' motion to dismiss on *forum non conveniens*

12   grounds because an adequate forum existed, reasoning "there are corporate entities, indeed the

13   proper entities, in South Africa which are amenable to service." *Id.* at 365.  Similarly here, this

14   Court need only find that there is a proper entity involved in the events giving rise to the claims

15   that are subject to process in Germany.  Spinal Kinetics GmbH is such an entity.[1]  Accordingly,

16   this Court should find that Germany is an adequate and available forum to pursue these claims.

17   **B.      The Balance of Private and Public Factors Favors Proceeding in a German Court.**

18         Once a court determines that the alternative forum is adequate and available, the court

19   must evaluate the relevant public and private interest factors.  In weighing these factors, a

20   plaintiff's choice of forum ordinarily receives some amount of deference, but "foreign plaintiffs

21   are not entitled to the same presumption in favor of their chosen forum [in the United States] as

22   adheres to choice of plaintiffs who are citizens or residents of the United States." *Dowling*, 727

23   F.2d at 613.  "'Because the central purpose of any *forum non conveniens* inquiry is to ensure that

24   the trial is convenient, a foreign plaintiff's choice of forum deserves less deference.'" *Id.*, *quoting*

25   _____

26      [1] Should Plaintiffs file a timely action in a German court based on the claims alleged herein, Spinal Kinetics GmbH will consent to service of process in a German proceeding and will stipulate that the German court has jurisdiction over it for the purpose of hearing Plaintiffs'
27   claims.  *See* Afzal Decl. at ¶ 7.  Further, Defendant Spinal Kinetics, Inc. will stipulate that it will produce documents in a German proceeding, subject to the appropriate objections. *Id.* at ¶ 8.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*                - 6 -                CASE NO. 5:15-CV-02179-EJD

1    *Piper Aircraft*.  "When the plaintiff is an alien it is less reasonable to assume that his or her

2    choice of forum will be convenient."  *Dowling*, 727 F.2d at 614.

3          In weighing the private and public interest factors in cases brought by foreign plaintiffs

4    against companies based in the United States concerning products used in foreign countries,

5    numerous federal courts, including the Ninth Circuit, have consistently dismissed personal injury

6    claims on *forum non conveniens* grounds.  *See, e.g.*, *Chang v. Baxter Healthcare Corp.* 599 F.3d

7    728 (7th Cir. 2010); *In re Vioxx Prods. Liab. Litig.*, 448 F. Supp. 2d 741 (E.D. La. 2006)

8    (dismissing claims brought by plaintiffs from Italy and France); *In re Rezulin Products Liability*

9    *Litigation*, 214 F.Supp.2d 396 (S.D.N.Y. 2002) (dismissing claims brought by a plaintiff from

10   Canada); *In re Silicone Gel Breast Implants Products Liability Litigation*, 887 F.Supp. 1469

11   (N.D. Ala. 1995) (dismissing claims brought by plaintiffs from Australia, Canada and England).

12          **1.      The Relevant Private Factors Support Dismissal.**

13          The relevant private factors for the "balance of conveniences" inquiry include the

14   "relative ease of access to sources of proof; availability of compulsory process for attendance of

15   unwilling, and the cost of obtaining attendance of willing, witnesses; … and all other practical

16   problems that make trial of a case easy, expeditious and inexpensive."  *Piper Aircraft*, 454 U.S. at

17   241 n.6.  *See also Vivendi SA*, 586 F.3d at 695 (listing same factors).

18          **a.      Relative Ease of Access to Sources of Proof**

19          In applying the *forum non conveniens* doctrine courts look consistently at whether the

20   evidence and witnesses are located in the jurisdiction where a non-U.S. resident plaintiff resides

21   or might have brought suit.  *See Estate of Thomson*, 545 F.3d at 366 (noting that dismissal was

22   warranted where evidence was located in South Africa).  Based on the allegations in the

23   complaint, all of the evidence relevant to Plaintiffs' claims is located in Germany.  This includes

24   evidence regarding Plaintiffs' medical care, causation, implantation of the medical device,

25   damages, the standard of care for implanting a medical device in Germany based on the risks and

26   benefits in that country, German regulation of the M6-C and specific German regulatory actions.

27   Key witnesses with information relevant to the critical issue of causation and Plaintiffs' damages

28   are located in Germany, including Plaintiffs' implanting surgeon, treating physicians, co-workers,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*                    - 7 -                    CASE NO. 5:15-CV-02179-EJD

family members, German regulatory authorities and others.  Plaintiffs' medical records also are in

the hands of Plaintiffs' physicians, hospitals and other health care providers located in Germany.

*See, e.g., id.* (the "[d]ocuments related to the vehicle, the accident investigation, and plaintiffs'

medical records are all located in South Africa … [and the w]itnesses, other than family members

of plaintiffs, are [also] located in South Africa"); *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 104

(6th Cir. 1989) (products claims involving events in Canada); *Dowling*, 727 F.2d at 616 ( "[t]he

alleged injuries took place in England and Scotland and the plaintiffs are citizens and residents of

those countries"); *Lee Yu-Ge v. Johnson & Johnson*, No. 3:10 OE 40034, 2011 WL 3566859, at

*4 (N.D. Ohio Aug. 12, 2011) (dismissing claims by Taiwanese residents for injuries there);

*Herbert v. Fisher Scientific Co., LLC*, CIVIL Nos. 13-00452 DKW-BMK, 13-00705 DKW-BMK,

2014 U.S. Dist. LEXIS 51436, at *35 (D. Haw. Apr. 14, 2014) (dismissing action by permanent

resident and U.S. citizen spouse alleging asbestos exposure in Indonesia); *Miller v. Boston*

*Scientific Corp.*, 380 F. Supp. 2d 443, 456-57 (D.N.J. 2005) (dismissing action against U.S.

medical device for injury during surgery in Israel); *In re Vioxx Prods. Liab. Litig.*, 448 F. Supp.

2d at 749 (dismissing action alleging injuries in Europe from U.S. drug); *Polanco v. H.B. Fuller*

*Co.*, 941 F. Supp. 1512, 1527-28 (D. Minn. 1996) (dismissing action where all relevant conduct

occurred in Guatemala); *Fraizer v. St. Jude Med., Inc.*, 609 F. Supp. 1129, 1131 (D. Minn. 1985)

(dismissing action where all evidence of implantation was in Denmark though device was

manufactured in Minnesota); *Martinez v. E.I. Dupont de Nemours & Co.*, 86 A.3d 1102, 1104

(Del. 2014) (court properly dismissed case against Delaware corporation alleging asbestos

exposure in Argentina).

   In dismissing claims of foreign plaintiffs on *forum non conveniens* grounds, the important

role of plaintiffs' medical histories and treating physician testimony was noted by the court in *In*

*re Vioxx Products Liability Litigation*, 448 F. Supp. 2d at 747 as follows:

> [I]nformation relating to the Plaintiffs' individual medical histories, which is
> highly relevant in determining whether or not Vioxx caused the Plaintiffs' alleged
> injuries, and information relating to what the Plaintiffs and their doctors knew or
> should have known about Vioxx, which is relevant in determining whether or not
> [Defendant] failed to warn, is also located abroad.

   A significant burden would be imposed on Defendant in obtaining this critical and highly

1   relevant evidence from the limited process available to them to obtain evidence in Germany based

2   on litigation in the United States.  To compel production of this evidence by nonparties in

3   Germany, Defendant would have to invoke the Convention on the Taking of Evidence Abroad in

4   Civil or Commercial Matters, 23 U.S.T. 2555 (1972) (the "Hague Convention").  *See* Bert Decl.

5   at ¶ 31.  Germany does not allow pretrial document requests to third parties, however.  *Id.  See*

6   *also Estate of Thomson*, 545 F.3d at 366.  Accordingly, Defendant would have only "relative[ly

7   limited] … access to sources of proof."  *Id.*  The expense, delay and difficulty of employing the

8   Hague Convention, and the unequal position in which the parties would be placed if discovery

9   proceeds in this Court, justify dismissal in favor of a proceeding in Germany, where most of the

10  relevant evidence is located and where both sides would operate under the same set of rules.

11       On the other hand, if Plaintiffs were to pursue their claims in Germany, their medical

12  records and other evidence would be more easily accessible from the relevant third parties, such

13  as physicians, hospitals and other providers.  The parties also would have much easier access to

14  other evidence in the hands of third parties if these cases were tried in Germany.

15       As with all the private interest factors, the objective in considering the relative ease of

16  access to sources of proof is "to ensure that the trial is convenient."  *Dowling,* 727 F.2d at 613

17  *quoting Piper Aircraft*.  The question is not whether proof can theoretically be obtained in two

18  different alternative forums but the relative ease of access to proof.  All of this evidence could be

19  accessed with far greater ease in Germany.  Other courts have found that Germany was a more

20  convenient forum when relevant evidence is located there.  *See, e.g.*, *Leetsch*, 260 F.3d at 1105;

21  *Lavera Skin Care N. Am., Inc.*, 2014 WL 7338739, at *8; *Banculescu*, 2012 WL 5909696, at *8;

22  *Flex-N-Gate Corp.*, 2008 WL 5448994, at *5; *NCA Holding Corp.*, 1999 WL 39539, at *3.  This

23  Court should reach the same conclusion.

24       **b.      Availability of the Compulsory Process and Cost of Obtaining**
         **Attendance of Willing Witnesses**

25

26       Courts also weigh the "availability of the compulsory process for attendance of unwilling,

27  and the cost of obtaining attendance of willing, witnesses."  *Gulf Oil*, 330 U.S. at 508.  This factor

28  also weighs in favor of dismissal.  If this case proceeds in the United States, the parties have no

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*      - 9 -      CASE NO. 5:15-CV-02179-EJD

1  ability to compel witnesses, including treating physicians, who have knowledge of Plaintiffs'

2  medical history, alleged symptoms and damages to testify at trial.  These witnesses are located

3  thousands of miles beyond the subpoena power of this Court or any court in California.

4  Although, theoretically, these third party witnesses could voluntarily agree to travel thousands of

5  miles to the United States to testify at trial, the cost of transporting these witnesses to the United

6  States for trial would be significant.  Further, the individual negotiations required, not to mention

7  the communication issues presented, would be time-consuming and burdensome.  Videotaped

8  testimony of these crucial third party witnesses would not be an appropriate proxy for live

9  testimony at trial.  *In re Consol Parlodel Litigation*, 22 F. Supp. 2d 320, 323 (D.N.J. 1998) ("The

10  inability of this Court to compel the live testimony of critical witnesses at trial suggests that

11  transfer is appropriate"); *In re Aredia & Zometa Liability Litigation*, No. 3:06-MD-1760, 2008

12  WL 686213 at *3 (M.D. Tenn. Mar. 6, 2008) ("the method of presenting videotaped depositions

13  is not the equivalent of live testimony…Trial by videotape is simply not preferable to live

14  examination in front of a jury.")

15      This essential testimony would be readily available to a German court if the German

16  Plaintiffs' claims were litigated in German.  German courts can and regularly do compel

17  witnesses to testify in an action pending in Germany.

18          **c.      Other Practical Considerations That Make Trial of a Case Easy,
                          Expeditious and Inexpensive**

19

20      Other practical considerations that make trial of a case easy, expeditious and inexpensive

21  also point toward dismissal.  Ordinarily Plaintiffs' case would be severed into two individual

22  cases after dismissal of the putative class action, both requiring a complex, multi-week trial.  That

23  would be true even if all of the evidence were in English, but here much of the most important

24  testimony from Plaintiffs, their treating physicians, German regulatory authorities and any other

25  witness from Germany would need to be presented through an interpreter.  This is likely to

26  increase the cost and length of these trials.  In contrast, there will be far fewer live English

27  speaking witnesses if this case is tried in Germany.  Documentary evidence, including Plaintiffs'

28  medical records, regulatory submissions to German authorities and evidence of German

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*        - 10 -        CASE NO. 5:15-CV-02179-EJD

1    regulatory actions, will be in German and also will require translation to English at significant

2    cost.  But if this case is litigated in Germany, the volume of documents that might need to be

3    translated would be less substantial.  *See e.g. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 982

4    (2d Cir. 1993) (need to translate documents "militates strongly in favor of" dismissal).

5          The fact that some evidence relating to the product may be located in the U.S. does not

6    dictate a contrary result.  Plaintiffs readily can obtain U.S.-based evidence for use in a German

7    trial by invoking a federal statute, 28 U.S.C. Section 1782, which provides: "The district court of

8    the district in which a person resides or is found may order him to give his testimony or statement

9    or to produce a document or other thing for use in a proceeding in a foreign or international

10   tribunal ….  The order may be made pursuant to a letter rogatory issued, or request made, by a

11   foreign or international tribunal or upon the application of any interested person …."  Moreover,

12   Defendant agrees to make documents available in Germany if this action proceeds in Germany.

13   *See* Afzal Decl. at ¶ 8.

14          **2.    The Relevant Public Factors Support Dismissal.**

15         The relevant public factors likewise support dismissal.  These factors include the

16   "administrative difficulties flowing from court congestion; the 'local interest in having localized

17   controversies decided at home'; the interest in having the trial of a diversity case in a forum that

18   is at home with the law that must govern the action; the avoidance of unnecessary problems in

19   conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in

20   an unrelated forum with jury duty."  *Piper Aircraft*, 454 U.S. at 241 n.6.  *See also Vivendi SA*,

21   586 F.3d at 695 (listing same factors).

22          **a.    Local Interest of Germany in Having These Cases Heard There**

23         Courts in the United States are already overburdened with lawsuits involving the claims of

24   those who have legitimate interests in their cases being heard in their own country.  Plaintiffs

25   have proposed to certify an overly broad class of more than 30,000 individuals who received an

26   M6-C throughout the world.  Germany and the other countries have more of an interest than the

27   United States in providing a forum for foreign plaintiffs who were implanted with a product in a

28   different country and that is not sold in the United States.  Jurors in the United States have no

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Defendant's Notice of Mot. and Mot. To
Dismiss Based On *Forum Non Conveniens*               - 11 -               Case No. 5:15-cv-02179-EJD

interest in deciding issues raised by a German plaintiff about a product sold abroad. *Dowling*, 727 F.2d at 615 (states where defendant was headquartered "have a minimal interest in the safety of products … manufactured, regulated and sold abroad by foreign entities, even though the development or testing occurred in this country"). *See also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003) (litigating a case involving a foreign injury here, because the product was designed in U.S., "would curtail the rights of foreign governments to regulate their internal economies and threaten to engulf American courts with foreign claims"); *In re Vioxx*, 448 F. Supp. 2d at 748 (Italy and France had greater interest in deciding claims alleging injuries caused there by product designed in U.S.); *In re Silicone Gel Breast Implant Prods. Liab. Litig.,* 887 F. Supp. 1469, 1477 (N.D. Ala. 1995) (noting "the significant interest … [other] countries have in resolving claims relating to implantations performed in their jurisdiction"); *Jennings v. Boeing Co.*, 660 F. Supp. 796, 808 (E.D. Pa. 1987) (Pennsylvania's "generalized" interest in regulating manufacture there outweighed by interests of England and Scotland in regulating sale and use of products in those countries).

German government regulators approved the M6-C for use in Germany using their own procedures and standards. Plaintiffs' treating physicians decided under standards pertaining to German physicians that the device was appropriate for their particular condition. Courts have stressed the peculiarly local interest in resolving claims calling into question local regulatory judgments about safety, and the corresponding unsuitability of United States courts to resolve such issues. "When a regulated industry, such as pharmaceuticals [and medical devices]… [are] involved, the country where the injury occurs has a particularly strong interest in product liability litigation." *Dowling*, 727 F.2d at 616. It would be "an inappropriate usurpation of a foreign court's proper authority to decide a matter of local interest, for a court in this country to set a higher standard of care than is required by the government of the country in which the product is sold and used." *Id.* "The forum whose market consumes the product must make its own determination as to the levels of safety and care required. That forum has a distinctive interest in explicating the controlling standards of behavior, and in enforcing its regulatory scheme, which "will reflect the unique balance struck between the benefit each market derives from the product's

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*          - 12 -          CASE NO. 5:15-CV-02179-EJD

1  use and the risks associated with that use; between the community's particular need for the

2  product and its desire to protect its citizens from what it deems unreasonable risk." *Doe v.*

3  *Hyland Therapuetics Div.*, 807 F.Supp. 117, 1129 (S.D.N.Y. 1992).

4        These local regulatory judgments "affect not merely the quality of the product, but also

5  the price, quantity, and availability to its public.  Such as assessment must remain the prerogative

6  of the forum in which the product is used; each community faces distinct demands, and has

7  unique concerns that make it peculiarly suited to make this judgment." *Id.*  An American court is

8  "ill-equipped to enunciate the optimal standards of safety or care for products sold in distant

9  markets" and should "thus refrain from imposing our determination of what constitutes

10 appropriate behavior to the circumstances with which we are not familiar." *Id.* at 1129-30.

11       The United States, on the other hand, has no interest in providing a forum for foreign

12 plaintiffs.  The Supreme Court has specifically rejected arguments that the interest of American

13 states in overseas conduct of companies that also operate within their borders justifies retention of

14 foreign tort cases by United States courts.  The Supreme Court held in *Piper Aircraft* that any

15 "incremental deterrence" from holding the trial in an American court "is likely to be

16 insignificant" and that any such American interest "is simply insufficient to justify the enormous

17 commitment of judicial time and resources that would inevitably be required if the case were to

18 be tried here." *Piper Aircraft*, 454 U.S. at 261.

19       Germany also has a greater public interest in the determination of damages for these

20 German Plaintiffs.  If Plaintiffs were to prevail, compensatory damages would be more fairly

21 assessed by a trier of fact knowledgeable about circumstances in their home country.  See

22 *Dowling v. Hyland Therapeutics Div., Travenol Lab., Inc.*, 767 F.Supp. 57, 59-60 (S.D.N.Y.

23 1991).

24            **b.    Avoiding Unnecessary Problems in Conflicts of Laws or Application of**
               **Foreign Law**
25

26       Complex choice of law issues also point towards dismissal.  "The doctrine of *forum non*

27 *conveniens*…is designed in part to help courts avoid conducting complex exercises in comparative

28 law." *Piper Aircraft*, 454 U.S. at 251.  Because this action is pending in California federal court,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*          - 13 -          CASE NO. 5:15-CV-02179-EJD

California choice of law rules apply.  California applies a three-part "government interest" test to ascertain the law that should apply. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001) ("A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." (citations omitted)).  Under this test a court would need to determine (1) if the law in Germany is materially different from California law, (2) what interests, if any, each jurisdiction has in having its own law applied, and (3) which jurisdiction would be more impaired if its law were not applied.  *See id.* at 1187-88.  Here, not only does German law conflict with that of California (*see generally* Bert Decl. at ¶¶ 13–26), Germany clearly has the most significant interest in having its own law applied to this case.  These claims are brought by German residents who were allegedly injured in Germany by a product approved by German regulators.  The burden of having to determine and apply German law in this Court is a strong factor favoring dismissal. *Piper Aircraft*, 454 U.S. at 260 ("the need to apply foreign law pointed towards dismissal"); *Leetsch*, 260 F.3d at 1105 (the burden on the district court to apply unfamiliar substantive German law would result in "inaccuracy and delay" in translating foreign law and weighed "especially heavily in favor of the German courts").  Indeed, German law is based on an unfamiliar civil code system, in contrast to the common law system applied in American courts.  *See* James G. Apple & Robert P. Deyling, A PRIMER ON THE CIVIL-LAW SYSTEM, 15-16, 33-39 (1995) (available at http://www.fjc.gov/public/pdf.nsf/lookup/civillaw.pdf/$file/civillaw.pdf).  Because relevant sources of German law are not readily available in English, this Court would have to rely on expert affidavits and translated materials to make substantive legal decisions—decisions that a German court could readily make based on the familiar law and language it uses every day.  The application of German law by judges in California would be especially time-consuming.  This Court would have to rely on translated sources of German law, master Germany's legal system, and then draft jury instructions based on German law.  This Court would likely need to hold hearings where each side would have its expert advocating a different interpretation of German law, after which the court would need to decide which interpretation to adopt and could well reach different conclusions, which would need to be resolved on appeal.

### c. Expeditious Resolution of Litigation

Dismissal also is appropriate to avoid difficulties that arise "when litigation is piled up in congested centers instead of being handled at its origin." *Gulf Oil*, 330 U.S. at 508.  Plaintiffs' claims will be heard and decided more expeditiously in Germany.  Under German procedure, the speed at which cases move in the German courts is largely at the discretion of the Judge and could go to trial within one to two years.  *See* Bert Decl. at ¶¶ 38–40.  In this Court, the median time between filing and trial for civil cases is two-and-a-half years.  *See* Administrative Office of the United States Courts, U.S. District Courts—Federal Court Management Statistics (period ending March 31, 2015) at p. 66, available at http://www.uscourts.gov/report-name/federal-court-management-statistics (30.5 months until trial for cases in the Northern District of California).

### d. Burden on U.S. Citizens with Jury Duty in a Matter of No Interest to the U.S.

Plaintiffs would have jurors in a United States court hear this case even though their claims concern foreign residents allegedly injured abroad.  Trying this case here will impose significant burdens on jurors because it will require a complex, multi-week trial.  Imposing this burden on the United States citizens without any connection to this litigation would be contrary to the Supreme Court's directive that "jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation."  *Gulf Oil*, 330 U.S. at 509.  The unfairness of burdening jurors in the United States with this dispute weighs in favor of dismissing these cases so that they can be heard in a fully adequate alternative forum in Germany.

### IV.

### CONCLUSION

For the foregoing reasons, this Court should grant Defendant's motion and dismiss based on *forum non conveniens*.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON *FORUM NON CONVENIENS*                    - 15 -                    CASE NO. 5:15-CV-02179-EJD

1   Dated: September 21, 2015                    DRINKER BIDDLE & REATH LLP

2

3                                               By: /s/ Michelle A. Childers

4                                                   Michelle A. Childers
                                                    Matthew J. Adler

5                                               Attorneys for Defendant

6                                               SPINAL KINETICS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF MOT. AND MOT. TO
DISMISS BASED ON FORUM NON CONVENIENS              - 16 -              CASE NO. 5:15-CV-02179-EJD