UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEBASTIAN KLEINER, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPINAL KINETICS, INC.,<br><br>Defendant. | Case No. 5:15-cv-02179-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-CONVENIENS**<br><br>Re: Dkt. No. 27 |

In this purported class action, Plaintiffs Sebastian Kleiner and Silvana Kraftschik (collectively "Plaintiffs") assert individual claims of product liability and negligence and seek to recover damages from Defendant Spinal Kinetics, Inc. ("Defendant") for injuries allegedly caused by Defendant's products.

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1332.  Presently before the court is Defendant's motion to dismiss this action on the grounds of forum non-conveniens.  Dkt. No. 27. Plaintiffs oppose the motion.  Dkt. No. 29.

The Court, after carefully considering the parties' briefing and counsels' arguments presented at the hearing, has determined that Germany is the most appropriate forum for litigating this case.  Accordingly, the court grants Defendant's motion to dismiss for forum non-conveniens.

## I.    BACKGROUND

Defendant is a privately held medical device company headquartered in Sunnyvale, California.  Dkt. No. 24 ("FAC") at ¶ 1.2; Dkt. No. 23-2 ("Afzal Decl.") at ¶ 3.  Defendant's Executive Officer and Director, Thomas Afzal, and five other directors also work at the

United States District Court
Northern District of California

company's Sunnyvale location.  Dkt. No. 29-2 ("Notice of Exempt Offering of Securities") at 2-3.

Defendant designs, manufactures and sells devices that are implanted in patients suffering from

degenerative spinal diseases.  FAC at ¶ 4.3.  One such product, the M6-C, has been implanted in

approximately 30,000 patients in several countries.  FAC at ¶ 4.6.  The company that sold the M6-

Cs ultimately implanted in Plaintiffs was Defendant's wholly-owned German subsidiary, Spinal

Kinetics GmbH.  Afzal Decl. at ¶¶ 5, 6.  Spinal Kinetics GmbH is based in Laichengen, Germany.

Id. at ¶ 5.

        Plaintiffs are both residents of Germany and underwent their respective implantation

operations there.[1]  FAC at ¶¶ 4.9, 4.15.  On June 2, 2009, Plaintiff Kleiner underwent spinal

surgery, during which the M6-C was implanted in his spine.  Id. at ¶ 4.9.  By 2013, Kleiner alleged

that he experienced severe pain and discomfort, muscle atrophy, and loss of power in his limbs.

Id. at ¶ 4.12.  An MRI revealed the M6-C in his spine "had completely collapsed."  Id. at ¶ 4.10.

The implant was subsequently removed from Kleiner's back, but his physical condition continued

to worsen.  Id. at ¶ 4.12.  As a result, he was asked to discontinue work in early 2015.  Id. ¶ 4.13.

        Plaintiff Kraftschik underwent spinal surgery in 2007.  Id. at ¶ 4.15.  By 2008, Kraftschik

alleged that she suffered unbearable headaches, dizziness, and numbness in her body.  Id. at ¶

4.17.  A subsequent MRI revealed the M6-C implantation was the cause of her injuries.  Id. at ¶

4.18.  Doctors removed the M6-C implant from her spine as a corrective measure, but Kraftschik

continued to suffer physical and psychological pain.  Id.  In November, 2008, she was also asked

to discontinue work.  Id. at ¶ 4.17.

        Plaintiff commenced the instant action on May 14, 2015 in the Northern District of

California.  Dkt. No. 1.  This motion followed on September 21, 2015, and was amended on

October 8, 2015.  Dkt. No. 27.

―――――――――――――

[1] Plaintiff Kleiner is a German citizen and Plaintiff Kraftschik is an Austrian citizen.  FAC at ¶
1.1.

2

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-
CONVENIENS

## II.      LEGAL STANDARD

The forum non conveniens determination is "committed to the sound discretion of the trial court." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). A party moving to dismiss based on forum non conveniens bears the burden of showing that there is an adequate alternative forum, and that the balance of private and public interest factors favors dismissal. See Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001) (citing Piper Aircraft, 454 U.S. at 257).

Although there is generally a strong presumption in favor of maintaining the plaintiff's choice of forum, the presumption applies with less force when the plaintiff is foreign. Id. at 1449. In addition, a district court has wide discretion to apply the forum non conveniens doctrine where it sees fit. Am. Dredging Co. v. Miller, 510 U.S. 443, 455 (1994) (reasoning that upon a reasonable balancing of all relevant public and private interest factors, a district court's decision deserves substantial deference); see also Piper Aircraft, 454 U.S. at 256 n. 23 (explaining that if the balance of conveniences suggests that a trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, a citizen's choice should not be given dispositive weight and the case should be dismissed).

## III.     DISCUSSION

### A.      Germany is an Adequate Alternative Forum

Defendant asserts Germany is an adequate alternative forum because Defendant is subject to jurisdiction in Germany and Plaintiffs may bring their claims under German substantive law to redress their injuries. Dkt. No. 27 at 9. Conversely, Plaintiffs assert that the question of whether Germany constitutes an adequate forum is irrelevant because Defendant is a Delaware corporation with its principal place of business in California, and as such is subject to the jurisdiction of California courts. Dkt. No. 29 at 8. Id. Plaintiffs further assert that Germany would, in any case, fail to constitute an adequate forum because German law does not provide a satisfactory remedy for their injuries. Dkt. No. 29 at 8-9.

Case No.: 5:15-cv-02179-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-CONVENIENS

United States District Court
Northern District of California

1    Generally, an alternative forum is deemed adequate if the defendant is amenable to service

2  of process there and the forum provides "some remedy" for the wrong suffered by Plaintiff.

3   Tuazon v. R.J. Reynolds Tobacco Co., 433 F. 3d 1163, 1178 (9th Cir. 2006).  The fact that the

4  law of the foreign forum differs from American law "should ordinarily not be given conclusive or

5  even substantial weight" in assessing the adequacy of the forum.  Doud v. Kochai, No. 12-CV-

6  06061-MEJ, 2013 WL 5313701, at *3 (N.D. Cal. Sep. 23, 2013) (citing Piper Aicraft, 454 U.S. at

7  254.).  In rare circumstances, a forum may be deemed inadequate if the remedy it offers is "clearly

8  unsatisfactory."  Tuazon, 433 F. 3d at 1178 (quoting Piper Aircraft, 454 U.S. at 454.).  Therefore,

9  to prove that a foreign forum provides some remedy for the wrong suffered by the plaintiff, the

10  defendant need only establish that the forum's laws do not "completely deprive" a plaintiff of a

11  remedy.  Id. at 1178.

12    The Court finds that Defendant is amenable to service in Germany for several reasons.

13  First, Defendant's product, the M6-C, was marketed and sold to customers in Germany, and

14  implanted in Plaintiffs during an operation performed by surgeons located in Germany.  Second,

15  and perhaps most significant, Defendant expressly consented to submit itself to German

16  jurisdiction for the purposes of litigating this case.  Capri Trading Corp. v. Bank Bumiputra

17  Malaysia Berhad, 812 F. Supp. 1041, 1044 (N.D. Cal. 1993) (holding that Hong Kong is an

18  adequate forum in part because Defendants expressly consented to submit themselves to the

19  jurisdiction of Hong Kong courts if the action was refiled in Hong Kong); Contact Lumber Co. v.

20  P.T. Monges Shipping Co. Ltd., 918 F. 2d 1446, 1450-51 (9th Cir. 1990) (affirming dismissal for

21  forum non-conveniens where defendants consented to submit themselves to the jurisdiction of

22  Philippine courts).  Third, Defendant's subsidiary, Spinal Kinetics GmbH, is incorporated in and

23  subject to the jurisdiction of the German courts.  Estate of Thompson ex. rel. Estate of Rakestraw

24  v. Toyota Motor Corp. Worldwide, 545 F. 3d 357, 365 (6th Cir. 2008) (reasoning that an adequate

25  forum exists in South Africa because Defendant's corporate entities and affiliates are amenable to

United States District Court
Northern District of California

4

 Case No.: 5:15-cv-02179-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-
CONVENIENS

service there).

Next, the Court finds that German law provides at least some remedy for the harm suffered by Plaintiffs.  Specifically, sections 1 and 8 of the German Civil Code detail a cause of action for product liability and the associated remedy.  As translated, these sections state:

> Section 1 (Liability)
>
> In such case as a defective product causes a person's death, injury to his body or damage to his health, or damage to an item of property, the producer of the product has an obligation to compensate the injured person for the resulting damage.  In case of damage to an item of property, this shall only apply if the damage was caused to an item of property other than the defective product and this other item of property is of a type ordinarily intended for private use or consumption and was used by the injured person mainly for his own private use or consumption
>
> Section 8 (Extent of liability for damages in the case of bodily injury)
>
> In the case of injury to a person's body or damage to his health, compensation shall be made by reimbursing the costs of the treatment as well as the costs incurred by the pecuniary prejudice sustained by the injured party as a result of the temporary or permanent suspension or reduction of his earning capacity or the resultant increase in his needs.  Reasonable financial compensation can also be claimed when the damage is not of a pecuniary nature.

See Dkt. No. 23-1 (Ex. 2) at 24-26.  The above sections demonstrate that if the case were litigated under German law, Plaintiffs could bring a product liability suit and possibly recover damages for their injuries.  Thus, Plaintiffs are not completely deprived of a remedy.  For these reasons, the Court concludes that Germany constitutes an adequate alternative forum.

**B.**      **Private Interest Factors**

The private interests a court should consider when conducting a forum non-conveniens analysis are: (1) the residence of the parties and witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; and (6) any practical problems or other facts that contribute to an efficient resolution.  Doud, 2013 WL

5

5313701, at *3 (citing <u>Tuazon</u>, 433 F. 3d at 1180.); <u>see also</u> <u>STM Group, Inc. v. Gilat Satellite</u>
<u>Networks Ltd.</u>, No. 11-CV-0093-DOC, 2011 WL 2940992, at *3 (C.D. Cal. Jul. 18, 2011).  The
Court considers these factors below.

        **1.**        **Residence of parties and witnesses, whether unwilling witnesses can be compelled to testify**

     Defendant contends the private interest factors weigh in favor of dismissal for multiple
reasons.  First, it argues the majority of key witnesses, including the implanting surgeons and
treating physicians, Plaintiffs' co-workers, and German regulatory authorities - all of whom
possess some information about the cause and extent of Plaintiffs' injuries - are located in
Germany.  Dkt. No. 27 at 13.  As such, Defendant points out that most witnesses cannot be
compelled to appear before California courts.  Second, Defendant asserts the costs associated with
transporting these witnesses to the United States for trial are overly burdensome.  <u>Id.</u> at 15.  In
response, Plaintiffs argue the key witnesses pertinent to this litigation are actually the individuals
with knowledge of the design of the M6-C, all of whom are located in and fall within the subpoena
power of California courts.  Dkt. No. 29 at 11.

     In assessing the weight to be accorded to the residence of the parties and witnesses, courts
look to "the materiality and importance of the anticipated witnesses' testimony."  <u>Gates Learjet</u>
<u>Corp. v. Jensen</u>, 743 F.2d 1325, 1335–36 (9th Cir. 1984).  With respect to unwilling witnesses,
courts have reasoned that dismissal on the grounds of forum non conveniens may be appropriate if
certain "critical witnesses" are beyond its jurisdictional reach.  <u>In re Air Crash over the Taiwan</u>
<u>Strait on May 25, 2002</u>, 331 F. Supp. 2d 1176, 1200 (C.D. Cal. 2004).  A defendant is required to
delineate how witnesses not subject to compulsory process are critical to the actions, but need not
"identify each potentially critical witness or submit affidavits that provide significant evidentiary
detail." <u>Id.</u> (citing <u>Piper Aircraft</u>, 454 U.S. at 258).  In addition, in situations where all witnesses to
liability are located in a foreign forum and a court would be aided by familiarity with the local
landscape, it may be "unfair" to require foreign defendants to proceed to trial in a United States

6

United States District Court
Northern District of California

1    forum.  Piper Aircraft, 454 U.S. at 259.  Finally, the factor relating to the cost of bringing

2    witnesses to trial is largely tied to the location of witnesses with material information regarding

3    the Plaintiff's claims.  See Velasco v. Americanos USA, LLC, No. 13-CV-05251-VAP, 2014 WL

4    266803, at *6 (C.D. Cal. Jan. 10, 2014) (reasoning that since the witnesses central to Plaintiffs'

5    negligence claims are located outside the United States, the cost of bringing them to trial in the

6    United States would be substantial.).

7         Here, while a few witnesses with knowledge of the design of Defendant's product are

8    located in California, it is apparent the majority of witnesses, including Plaintiffs themselves, their

9    family members, co-workers, the implanting surgeons, and the treating physicians, are located in

10   Germany.

11        But although persuasive, this fact is not dispositive.  The key inquiry, as stated above,

12   requires assessing the materiality and importance of these witnesses' testimony and determining

13   whether some of these witnesses are "critical" and beyond the jurisdiction of domestic courts.  The

14   surgeons, by virtue of their role in implanting and subsequently removing Defendant's products

15   from Plaintiffs, possess substantial material information regarding the cause and extent of the

16   Plaintiffs' injuries.  Likewise, the treating physicians possess material information regarding the

17   extent of Plaintiffs injuries and the effects of their treatment.  See Kinjo v. Champion Shipping,

18   No. 09-CV-03603-FCD/DAD, 2010 WL 3069343, at *5 (E.D. Cal. Aug. 4, 2010) (explaining that

19   the residence of the parties and witnesses weighs in favor of dismissal if the witnesses that had

20   knowledge of the accident itself and subsequent treatment of the plaintiffs were located in

21   Southeast Asia).  As such, both the implanting surgeons and treating physicians are critical

22   witnesses.  And since these critical witnesses are undisputedly German residents, they are beyond

23   the jurisdiction of California courts.

24        While it is true that few witnesses with knowledge of the design of Defendant's product

25   may exist in California, this case cannot fully proceed without also considering evidence from

26

27

28

Case No.: 5:15-cv-02179-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-
CONVENIENS

United States District Court
Northern District of California

United States District Court
Northern District of California

witnesses with knowledge of Plaintiff's medical treatment and injuries, all of whom indisputably reside in Germany.  As such, the vast majority of witnesses critical to this action are beyond the subpoena powers of this court.  For these reasons, the court concludes that the residence of the parties and witnesses weighs in favor of dismissal.

The court recognizes that a dismissal can sometimes deprive a plaintiff of the chance to examine certain third party witnesses, particularly if those witnesses are unwilling to appear voluntarily.  However, as stated above, the majority of material witnesses to this case fall squarely within the subpoena powers of German courts and beyond the subpoena powers of courts in the United States.  These circumstances favor dismissal.  <u>Taiwan Strait</u>, 331 F. Supp. 2d at 1200 (observing that since there are more critical witnesses beyond the reach of compulsory process in the United States than in Taiwan, the compulsory process factor weighs in favor of dismissal).

Finally, since the majority of material witnesses are beyond this court's subpoena power, it is axiomatic that the cost of transporting them to trial would be lower if the trial were held in Germany.  <u>See id.</u>  Thus, the court finds the factor related to the cost of bringing witnesses to trial also weighs in favor of dismissal.

### 2. Forum's convenience to the litigants and access to physical evidence and other sources of proof

Defendant contends that the majority of evidence, including Plaintiffs' medical histories, rules governing the implantation of the medical devices in Germany, and damages information (i.e. German statutes governing product liability based damages), all of which is relevant to Plaintiffs' claims, is located in Germany.  Dkt. No. 27 at 12-13; <u>see also</u> Dkt. No. 23-1 (Ex. 2) at 17-35.  As such, Defendant argues the expense, delay, and difficulty associated with accessing and transporting this evidence to the United States would be prohibitive.  <u>Id.</u> at 14.  Plaintiffs' counter that Defendant will have access to physical evidence and other sources of proof because Plaintiffs have consented to appear in this district for the purposes of deposition, examination, and trial and are willing to provide all medical records currently in their care.  Dkt. No. 29 at 12.

8

The most convenient forum for the purposes of litigation is one that contains most of the evidence and gives rise to a plaintiff's cause of action.  Advanta Corp. v. Dialogic Corp, No-05-CV-2895-JF, 2006 WL 1156385, at *6 (N.D. Cal. May 2, 2006) (citing Fields v. Sedgwick Associated Risks, Ltd., 796 F. 2d 299, 302 (9th Cir. 1986)).  In addition, the Supreme Court has observed that a plaintiff's choice of forum is presumptively entitled to greater deference when the plaintiff has chosen his or her home forum.  See Piper Aircraft, 454 U.S. at 255.  When the plaintiff is foreign, however, this presumption is "much less reasonable."  Id.; see also Kinjo, 2010 WL 3069343, at *4 (explaining that an American citizen's choice to sue in his home forum is afforded deferential treatment by the court, but much less deference is afforded to foreign plaintiffs' choice of forum).  With respect to accessing physical evidence and other sources of proof, the critical inquiry is not the importance of the documentary evidence, but the volume of the evidence present outside the forum that will have to be transported to and reproduced in the forum.  Gemini Capital Grp. v. Yap Fishing Corp., 150 F. 3d 1088, 1093 (9th Cir. 1998).

The location that gives rise to Plaintiffs' cause of action is Germany, because it was there that Plaintiffs underwent their respective surgeries and allegedly suffered injuries due to Defendant's products.  See Advanta, 2006 WL 1156385, at *6; see Kinjo, 2010 WL 3069343, at *5; see also Ruelas Aldaba, 2005 WL 3560587, at *5.  In addition, since both Plaintiffs are undisputedly foreign residents, their choice of forum is entitled to less deference.  See Piper Aircraft, 454 U.S. at 255.   For these reasons, the Court concludes that the forum's convenience factor weighs in favor of dismissal.

Regarding access to physical evidence and other sources of proof, it is undisputed that such evidence exists both in the United States and in Germany.  On the one hand, evidence relating to Plaintiffs' medical care, the applicable standard of care for implanting the medical device, and German regulations governing the proper implantation of the M6-C is located in or easily accessible in Germany.  On the other hand, documents relating to the design and manufacture of

9

 Case No.: 5:15-cv-02179-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-CONVENIENS

Defendant's products are located in the United States.  It is not clear precisely which location contains the bulk of the physical evidence.  However, the fact that Defendant has agreed to produce documents in a German proceeding, and expressly consented to submit itself to German jurisdiction supports a finding that access to the physical evidence factor weighs in favor of dismissal.

### 3.   The enforceability of the judgment and practical problems or other facts that contribute to an efficient resolution

Neither party presents any persuasive evidence or compelling arguments regarding the enforceability of the judgment factor.  As such, the court finds this factor to be neutral.  Finally, the reasoning provided above with respect to the cost of transporting witnesses and the forum convenience factors applies with equal force to the practical problems that contribute to an efficient resolution factor.  For these reasons, the Court concludes this factor weighs in favor of dismissal.

### 4.   Summary of the Private Interest Factors

For the reasons discussed above, the Court concludes that the factors relating to the residence of the parties and witnesses, and compelling unwilling witnesses to testify weigh in favor of dismissal.  Likewise, the factors relating to the cost of bringing witnesses to trial, forum's convenience to the litigants, access to physical evidence and other sources of proof, and practical problems that contribute to efficient resolution weigh in favor of dismissal.  The enforceability of the judgment factor is neutral.  Therefore, on balance, the private interest factors favor dismissal.

### C.   Public Interest Factors

The public interests a court should consider when conducting a forum non conveniens analysis are: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum.  Tuazon, 433 F. 3d at 1181.

10

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-CONVENIENS

United States District Court
Northern District of California

### 1.   The local interest in the lawsuit

Defendant asserts that Germany has more of an interest in this lawsuit than the United States because two German residents suffered injury caused by Defendant's defective product sold in Germany.  Dkt. No. 27 at 17.  Plaintiffs counter that the United States is more interested than Germany in this lawsuit because the product in question was designed and manufactured in the United States.  Dkt. No. 29 at 15.

There is a split of authority in this Circuit when analyzing of this factor.  See Velasco, 2014 WL 266803, at *12 (observing that there exists a difference of opinion regarding whether it is appropriate to compare state interests, or simply look to the forum in which the lawsuit was filed when analyzing the local interest factor).  Under one view, courts need only determine if "there is an identifiable local interest in the controversy, [and] not whether another forum also has an interest."  Tuazon, 433 F. 3d at 1182.  Under the other view, courts need to balance the foreign forum's interest in the litigation with interests of the domestic forum.  Velasco, 2014 WL 266803, at *11.

Here, the court finds that Germany has a significant local interest in this lawsuit.  Plaintiffs are residents of Germany, underwent their respective implantation operations in Germany, and suffered similar injuries there.  California also has an identifiable, albeit tenuous, interest in this lawsuit because the product in question was designed in and entered the steam of commerce from California.  See Advanta, 2006 WL 1156385, at *6.  On balance, however, the court finds that Germany's interest in this lawsuit is stronger than that of California.

### 2.   Court's familiarity with the governing law

Defendant asserts that this factor favors dismissal because California courts will have to apply a three-part government interest test to ascertain whether German law should be applied to this case.  Dkt. No. 27 at 19.  When applied, Defendant argues that the test clearly points to the application of German law, thus favoring dismissal.  Id.  Conversely, Plaintiffs argue the mere fact

11

Case No.: 5:15-cv-02179-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-CONVENIENS

United States District Court
Northern District of California

1  that the product was designed and manufactured in California by a California-based company

2  strongly favors the application of state law to this dispute.  Dkt. No. 29 at 17.

3        California applies a three-step government test to analyze choice-of-law issues.  First, the

4  court examines the substantive law of each jurisdiction to determine whether their laws actually

5  differ.  Abogados v. AT&T, Inc., 223 F. 3d 932, 934 (9th Cir. 2000).  Second, if the laws do in

6  fact differ, the court determines whether each of the jurisdictions has an interest in having its laws

7  applied.  Id.  If only one jurisdiction has a legitimate interest in the application of its laws, there is

8  a false conflict and the law of the interested jurisdiction should be applied to resolve the choice of

9  law conflict.  Id.  If, however, more than one jurisdiction has a legitimate interest in the

10  application of its laws, the court identifies and applies the law of the state whose interest would be

11  more impaired if its laws were not applied.  Id.

12        First, there is no dispute that the laws of Germany and California differ.  California law

13  provides for punitive damages in products liability cases, while German law does not.  See Dkt.

14  No. 23-1 at 6 ("German law does not provide for punitive damages"); see also Stanley v. Novartis

15  Pharmaceuticals Corp., 11 F. Supp. 3d 987, 1006 (C.D. Cal. 2014) ("In California, punitive

16  damages are available in any action…including products liability").  Second, Germany has a

17  legitimate interest in the application of its laws to this lawsuit because the plaintiffs, both of whom

18  are foreign citizens, were injured by Defendant's product, which was sold to customers in

19  Germany by Defendant's wholly owned German subsidiary.  See Abogados, 223 F.3d at 935

20  (observing that Mexico has a significant interest in applying its law to an action if the complaint-

21  of conduct took place primarily in Mexico); see Hernandez v. Burger, 102 Cal. App. 3d 795, 802

22  (1980) (reasoning that while the situs of the injury is no longer the sole consideration, it is still a

23  predominant consideration in a choice of law analysis).

24        California's connection to this lawsuit is that the product at issue was designed,

25  manufactured, and entered the stream of commerce from here.  This fact alone, however, is

United States District Court
Northern District of California

26

12

27  Case No.: 5:15-cv-02179-EJD

28  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-
CONVENIENS

insufficient to support a finding that California law be applied, because Germany's interest in applying its laws to this suit far outweighs the interests of California.  Ruelas Aldaba, 2005 WL 3560587, at *8 (stating that given the strong interest that Mexico has in this litigation, there is a strong likelihood that Mexican law would apply despite the fact that the tire and vehicle design of an American made vehicle is involved); see Dole Foods Co., Inc. v. Watts, 303 F. 3d 1104, 1119 (9th Cir. 2007) (observing that the sovereign with the greater interest in having its law applied controls the choice of law analysis); see also Vasquez v. Bridgestone/Firestone, Inc., 325 F. 3d 665, 674 (5th Cir. 2003).  Since it appears that German law will govern this suit, the Court's familiarity with the governing law weighs in favor of dismissal.

### 3. Burden on local courts and juries, congestion in the court, and costs of resolving a dispute unrelated to a particular forum

Defendant asserts that trying this case in the Northern District of California will impose significant burdens on the court because California has a minimal connection to this litigation. Dkt. No. 27 at 20.  Plaintiffs respond that California has a strong connection to this lawsuit because the product in question was designed in and sold from California.  Dkt No. 29 at 19.

The determinative inquiry regarding these factors is whether a trial would be speedier in another court due to a less crowded docket.  Velasco, 2014 WL 266803, at *13 (citing Gates Learjet, 743 F. 2d at 1337.).

Neither party addressed these factors with sufficient specificity.  As such, the court concludes that this factor is neutral.

### 4. Summary of the public interest factors

For the reasons discussed above, the Court concludes that the likelihood that this court will have to apply or interpret German law favors dismissal.  The factors relating to the local interest in the lawsuit, the burden on local courts and juries, court congestion, and costs of resolving a dispute unrelated to a particular forum are all neutral.  Therefore, the balance of public interest factors weigh slightly in favor of dismissal.

13

Case No.: 5:15-cv-02179-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-CONVENIENS

## IV.     CONCLUSION

For the reasons set forth above, the Court intends to GRANT Defendant's motion to dismiss on the grounds of forum non-conveniens and to dismiss this action without prejudice on that basis.

However, such dismissal is contingent on the following conditions:

(1) Defendant must agree to:

      a.   Submit itself to the jurisdiction of a German court if this action is filed by Plaintiffs in Germany;

      b.   Satisfy any judgment obtained in Germany, subject to applicable appellate rights;

      c.   Produce, upon reasonable notice, all witnesses employed by Defendant who are reasonably necessary for purposes of discovery and trial, with any disputes regarding attendance of witnesses or the availability of discovery to be resolved in the German court(s) where the action is pending; and

(2) A German court's acceptance of jurisdiction over Plaintiffs' claims.

On or before **April 25, 2016**, Defendant shall file a brief, non-argumentative notice indicating whether it accepts conditions (1)(a)-(c).  A final order on Defendant's motion will issue thereafter.

**IT IS SO ORDERED.**

Dated:  April 19, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-02179-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON-CONVENIENS

United States District Court
Northern District of California